```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

JOHN F. KENDLE,

        Plaintiff,

  vs.                                Civil Action 2:15-cv-1295
                                        Judge Frost
                                        Magistrate Judge King

**WHIG ENTERPRISES, LLC,** *et al.,*

        Defendants.


<u>OPINION AND ORDER</u>

This matter is before the Court on *Plaintiff's Combined Motion to Compel Discovery from Defendants WHIG Enterprises, LLC, Rx Pro of Mississippi, Inc., Mitchell Chad Barrett, and Jason Rutland*, ECF No. 35 ("*Motion to Compel*"); the opposition of Defendants WHIG Enterprises, LLC, Rx Pro of Mississippi, Inc., and Mitchell Chad Barrett, ECF No. 39 ("*Opposition*"); and plaintiff's reply brief, ECF No. 41 ("*Plaintiff's Reply*"). For the reasons that follow, the *Motion to Compel* is **GRANTED in part and DENIED in part**.

I.    **Factual Allegations and Procedural History**

Defendant WHIG Enterprises, LLC ("WHIG") is a Florida limited liability company whose members include, *inter alios*, defendants Mitchell Chad Barrett and David Jason Rutland. *Amended Complaint*, ECF No. 10, ¶¶ 1, 3-4. Rx Pro Mississippi, Inc. ("Rx Pro"), an affiliate of WHIG, is controlled by its sole shareholders, defendants Barrett and Rutland. *Id.* ¶ 2. WHIG and Rx Pro are in the business of

manufacturing and marketing medical and pharmaceutical products, including compounded medications, which are formulations of individual medications prescribed to provide relief from pain, scars, wounds, migraine headaches, and other physical ailments.  *Id*. at ¶¶ 6, 10. WHIG and Rx Pro market their medical products through distributors and salespersons such as plaintiff, a resident of Marietta, Ohio.  *Id*. at ¶¶ 5-6.

At all times relevant to the *Amended Complaint*, defendants Barrett and Rutland, individually and on behalf of WHIG and/or Rx Pro, had a continuing business relationship with Axion Therapeutics, LLC ("Axion"), which is located in Cleveland, Ohio, involving the sale of compounded medications.  *Id*. at ¶ 11.  In the summer of 2013, after learning of plaintiff's sales and marketing activities on Axion's behalf, defendants Barrett and Rutland began communicating with plaintiff, who was located in Ohio, in order to recruit plaintiff to work directly with them and on behalf of WHIG and/or Rx Pro.  *Id*. at ¶ 11.

On August 27, 2013, plaintiff and WHIG entered into a consultant agreement and a memorandum of understanding.  *Id*. at ¶¶ 12-25.  More specifically, following negotiations, plaintiff entered into a Distributor Consultant Agreement with WHIG pursuant to which he would receive a commission on plaintiff's sale of medical products manufactured by WHIG and/or Rx Pro, including compounded medications, by distributing the products in Ohio and throughout the United States. *Id*. at ¶¶ 12-13; Exhibit A (copy of Distributor Consultant Agreement

effective September 1, 2013), attached thereto. Plaintiff and defendant Barrett signed the Distributor Consultant Agreement. *Id*. at p. 5.

Plaintiff and WHIG also entered into a memorandum of understanding ("Memorandum of Understanding") regarding certain physician marketing groups known as "BAMBR Marketing Groups." *Complaint*, ¶¶ 20-27; Exhibit B (copy of Memorandum of Understanding), attached thereto. Under the BAMBR business model, defendants compensated physicians and other healthcare providers who prescribed WHIG products to their patients by offering the providers ownership interests in BAMBR Marketing Groups. *Complaint*, ¶ 22. According to plaintiff, defendants had already begun establishing such groups in Mississippi and Florida and solicited plaintiff to expand the BAMBR business model throughout the United States. *Id*. at ¶ 23. In exchange, defendants Barrett and Rutland, individually and on behalf of WHIG and/or Rx Pro, promised plaintiff that he would receive an ownership interest in and a share of the profits earned by the BAMBR program. *Id*. at ¶ 24. Defendant Barrett, acting on behalf of WHIG and/or Rx Pro, and plaintiff executed the Memorandum of Understanding, which entitled plaintiff to an ownership interest in BAMBR Marketing Groups and additional compensation for marketing BAMBR stock ownership to qualified physicians for membership in BAMBR. *Id*. at ¶ 25; Exhibit B, attached to *Amended Complaint*. Plaintiff successfully enlisted at least three physicians, including one from West Virginia and two from North Carolina, as members. *Amended Complaint*, ¶ 27.

On February 25, 2014, plaintiff, acting as a marketer for defendants, communicated with defendants Barrett and Rutland about organizing a meeting of distributors in Atlanta, Georgia. *Id*. at ¶ 35. Plaintiff alleges that defendants Barrett and Rutland later wrongfully blamed him for promoting the discussion of negative topics during the distributor meeting in Atlanta and "immediately terminated their business relationships with Plaintiff and ceased all communication with him" and terminated his access to defendants *Id*. at ¶¶ 36-38. According to plaintiff, defendants Barrett and Rutland contacted plaintiff's sales representatives and encouraged them to terminate existing relationships with plaintiff and work directly with defendants. *Id*. at ¶ 39. Despite plaintiff's requests, defendants allegedly failed and refused to pay plaintiff commissions from

> (1) sales procured by plaintiff and his sales team for January, 2014, February 2014 and all months to follow until all refills on all scripts were exhausted from those made in Ohio and throughout the United States (2) commissions owed to Plaintiff for refill sales procured by Plaintiff and his sales team, and (3) commissions that he would have earned in the future but for Defendants' wrongful termination of the Distributor Consulting Agreement.

*Id*. at ¶ 40. Plaintiff also alleges that defendants have failed to pay him for services in connection with the expansion and development of the BAMBR program nationwide and have failed to pay him profits and/or other compensation for plaintiff's actions that were necessary to the establishment of the Rx Pro Compounding pharmacy in Indiana, Pennsylvania. *Id*. at ¶¶ 41-42.

On April 15, 2015, plaintiff instituted this action, naming as defendants WHIG, Rx Pro, and Messrs. Barrett and Rutland. *Complaint*,

ECF No. 1.  Thereafter, plaintiff filed the *Amended Complaint*, asserting claims of breach of contract (breach of the Distributor Consultant Agreement, the Memorandum of Understanding, and the agreement in connection with the Rx Pro compounding pharmacy in Pennsylvania), unjust enrichment, and tortious interference with contractual and business relationships arising out of defendants' alleged wrongful termination of the parties' medical and pharmaceutical products and services marketing agreement.

On July 15, 2015, the Court conducted a preliminary pretrial conference pursuant to the provisions of Fed. R. Civ. P. 16(b). Following that conference, the Court issued an order directing, *inter alia*, that all discovery be completed by June 1, 2016 and that dispositive motions be filed by July 1, 2016.  *Preliminary Pretrial Order*, ECF No. 18, p. 2.  The Court also scheduled a jury trial to begin December 5, 2016.  *Scheduling Order*, ECF No. 19, p. 1.

Thereafter, the parties engaged in discovery.  On September 9, 2015, plaintiff served interrogatories and requests for production of documents on defendants (collectively, "Discovery Requests"). *Declaration of Alvin E. Mathews, Jr.*, ¶¶ 2-3, attached to *Motion to Compel* ("*Mathews Declaration*"); defendant Rutland's responses to discovery requests, attached as Exhibit A to *Motion to Compel* (individual requests and responses referred to as "Interrogatory No. ___," "Rutland Interrogatory Answer No. ___," "Document Request No. ___," and "Rutland Document Response No. ___"); discovery responses of WHIG, Rx Pro, and defendant Barrett, attached as Exhibit B to *Motion*

5

*to Compel* (individual requests and responses referred to as "Interrogatory No. ___," "Opposing Defendants' Interrogatory Answer No. __," "Document Request No. __," and "Opposing Defendants' Document Response No. __"). On or around January 15, 2016, defendants WHIG, Rx Pro, and Barrett provided supplemental responses and objections to plaintiff's interrogatories. *See* ECF No. 39-1 ("Opposing Defendants' Supplemental Interrogatory Answer No. __"

Plaintiff has now moved to compel certain information from defendants, which defendants WHIG, Rx Pro, and Barrett oppose. *See Opposition*. Defendant Rutland has not responded to the *Motion to Compel*. With the filing of *Plaintiff's Reply*, this matter is now ripe for review.

**II. Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to respond to interrogatories submitted under Rule 33 and/or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). "The 'proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.'" *O'Malley v. NaphCare Inc.*, No. 3:12-CV-326, 2015 WL 6180234, at *2 (S.D. Ohio Oct. 21, 2015) (quoting *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 4052873, at *3 (S.D. Ohio Aug. 12, 2013)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery

purposes is extremely broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

In addition, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.  Similarly, Local Rule 37.1 provides that discovery related motions "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences."  S.D. Ohio Civ. R. 37.1.  This prerequisite has been met.  *See Mathews Declaration*, ¶¶ 2-7; Exhibit C (copies of counsel's correspondence, attached to *Motion to Compel*.

**III. Discussion**

    **A.   Rx Pro**

After the filing of the *Motion to Compel*, Rx Pro's bankruptcy was noted on the record.  *See Suggestion of Bankruptcy*, ECF No. 43.  Pursuant to 11 U.S.C § 362, the automatic stay applies to Rx Pro.  The *Motion to Compel* is therefore **DENIED** as it relates to Rx Pro.  The Court, however, expresses no opinion as to what extent this party may be subject to the discovery processes notwithstanding its bankruptcy.

      **B.    Discovery Requests regarding Agreements with Plaintiff and Services Performed (Interrogatory Nos. 2, 3, 4; Document Request Nos. 1 and 2)[1]**

Plaintiff seeks an order compelling defendants to identify all agreements entered into with plaintiff (Interrogatory No. 2); to identify all written and verbal communications exchanged with plaintiff regarding any agreements with him (Interrogatory Nos. 3 and 4); to produce all written communications exchanged with plaintiff regarding these agreements (Document Request No. 1); and to produce all communications with plaintiff regarding the services plaintiff performed for defendants and/or defendants' companies or affiliates (Document Request No. 2). *See* Discovery Requests, PAGEID#:263-265.

      **1.    Defendant Rutland**

Defendant Rutland responds that he "never entered into any agreements with Plaintiff" and that he has no such written communications to produce. Defendant Rutland's Interrogatory Answer Nos. 2, 3, and 4, PAGEID#:263-264; Defendant Rutland's Responses to Document Request Nos. 1 and 2, PAGEID#:265. Defendant Rutland "recalls only a couple of telephone conversations with Plaintiff regarding normal business matters such as the filling of prescriptions[, but he] never had any telephone conferences or other verbal communications with Plaintiff regarding any agreements. Defendant has no agreement of any kind with Plaintiff." Defendant Rutland's Interrogatory Answer No. 4, PAGEID#:264.

---

[1] Because plaintiff apparently challenges the sufficiency of defendants' answers to all of his discovery requests, *see generally Motion to Compel* and *Plaintiff's Reply*, p. 1, the Court addresses each request.

8

Because the *Motion to Compel* and *Plaintiff's Reply* do not identify each discovery request, it is not immediately clear in what respect plaintiff concludes that defendant Rutland's responses are deficient. Plaintiff argues generally that defendant Rutland provided "minimal discovery information in response to Interrogatories[.]" *Motion to Compel*, p. 5. Plaintiff also represents that he "specified that requested 'communications' would include the compensation information related to those Agreements[2] and it appears that Defendant Rutland has provided some, but not all, of that information." *Plaintiff's Reply*, p. 3. In short, plaintiff apparently believes that Defendant Rutland possesses additional responsive documents.

As discussed *supra*, Defendant Rutland failed to respond to the *Motion to Compel*. Ordinarily, an unopposed motion to compel would be granted. *See* S.D. Ohio Civ. R. 7.2(a)(2). However, plaintiff may not successfully move to compel discovery on the basis of a mere suspicion that the producing party possesses additional information that it has failed to disclose. *See, e.g., Snyder v. Fleetwood RV, Inc.*, No. 2:13-CV-1019, 2016 WL 339972, at *6 (S.D. Ohio Jan. 28, 2016); *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010) ("I cannot compel what does not exist. If plaintiffs are speculating that documents responsive to these requests do exist, there must be a reasonable deduction that that is true, and not a mere hunch."); *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008) ("Courts supervising discovery are often confronted by the claim that the production made is so

---

[2] No such specification appears in the text of the discovery requests. *See supra*.

paltry that there must be more that has not been produced or that was destroyed. Speculation that there is more will not suffice . . . ."). In this context, a party's failure to "show[] that a producing party is in fact in possession of [certain information] is grounds to deny a motion to compel." *Peavey v. University of Louisville*, No. 3:09–CV–00484–R, 2011 WL 1106751, *2 (W.D. Ky. Mar. 23, 2011) (internal quotation marks omitted). Accordingly, as it relates to defendant Rutland's responses to Interrogatory Nos. 2, 3, 4, and Document Request Nos. 1 and 2, the *Motion to Compel* is **DENIED.**

### 2. Defendants WHIG and Barrett

Defendants WHIG and Barrett (collectively, "the opposing defendants") object to the request to identify all agreements with plaintiff (Interrogatory No. 2) as vague and ambiguous, but go on to respond that, in his capacity as WHIG CEO, defendant Barrett signed the Distributor Consultant Agreement with plaintiff:

> Objection. This Interrogatory is vague and ambiguous. Subject to the foregoing objections, as well as the General Objections above, the Distributor Consultant Agreement, effective September 1, 2013, by and between Plaintiff and WHIG Enterprises, LLC ("the DCA"). The DCA was executed by Mitchell Chad Barrett ("Barrett"), solely in his capacity as CEO of WHIG. Barrett cannot recall where he executed the DCA or where Plaintiff executed it. However, he can state that he never executed it in Ohio.
>
> Answering further, Defendants state that WHIG entered into the DCA solely as an independent agent for and on behalf of World Health Industries, Inc. ("WHI"). In that regard, WHI gave expressed written authority to WHIG to act as WHI's independent agent for purposes of entering into distributor agreements, like DCA. Thus, with respect to the DCA, WHI contracted with Kendle through WHIG.

Opposing Defendants' Supplemental Interrogatory Answer No. 2,

PAGEID#:355.  Plaintiff complains that this supplemental answer is "deficient[,]" *see Plaintiff's Reply*, p. 1, but again fails to explain why it is deficient.  Because the Court declines to speculate as to why plaintiff characterizes the opposing defendants' supplemental interrogatory answer as deficient, the *Motion to Compel* is **DENIED** as it relates to the opposing defendants' answer to Interrogatory No. 2.

In responding to all telephone or verbal communications they had with plaintiff regarding their agreements with him (Interrogatory No. 4), the opposing defendants object to the request, but go on to identify such communications:

> **ANSWER:  Objection.  This interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  Subject to the foregoing objections, as well as the General Objections above, Defendants state that Barrett, solely in his capacity as an officer of WHI [World Health Industries, Inc.], had a verbal communication with Plaintiff shortly after the meeting in Atlanta, Georgia, after Barrett was advised by a number of individuals who were present at the meeting, that Plaintiff was engaging in conduct that was not advancing the interests of WHI.  Defendants further state that Barrett, solely in his capacity as an officer of WHI, had other verbal communications with Plaintiff from time-to-time.  However, Barrett cannot state with specificity when those communications occurred or the substance of said communications.**

Opposing Defendants' Supplemental Interrogatory Answer No. 4, PAGEID#:355 (emphasis in the original).  Plaintiff contends generally that the opposing defendants' supplemental discovery responses "remain deficient," *Plaintiff's Reply*, p. 1, but again fails to explain why this answer is deficient.  As it relates to the opposing defendants' answer to Interrogatory No. 4, the *Motion to Compel* is therefore **DENIED**.

11

As to plaintiff's requests to identify and produce all written communications exchanged with plaintiff regarding agreements with him as well as communications regarding the services he performed for defendants (Interrogatory No. 3 and Document Request Nos. 1 and 2), the opposing defendants object to the requests as vague, ambiguous, overly broad, and unduly burdensome, but go on to state that "at this time, Defendants could not locate any written communications in their possession that were exchanged with Plaintiff.  Defendants may supplement."  Opposing Defendants' Interrogatory Answer No. 3, PAGEID#271.  *See also* Opposing Defendants' Document Response Nos. 1 and 2 (referring to Opposing Defendants' Interrogatory Answer No. 3), PAGEID#273.  In opposing the *Motion to Compel*, defendant Barrett avers that he searched all available records when responding to plaintiff's discovery requests and that "no responsive documents in the possession, custody, or control of Defendants were located." *Supplemental Declaration of Mitchell Chad Barrett*, ¶¶ 5-6, ECF No. 49-1 ("*Barrett Declaration*").[3]  Defendant Barrett also avers that he no longer possesses the cellular telephone that he used during the relevant time period and that he has no access or control over servers that would have contained any email communications with plaintiff:

> 7.  I no longer possess the cellular phone that I had during the relevant time period— August 2013 – February 2014 ("Relevant Time Period").  I also no longer possess any of the text messages that might have been contained on that cellular phone.

---

[3] Defendant Barrett's declaration originally submitted to the Court was undated.  *See Declaration of Mitchell Chad Barrett*, ECF No. 39-2, PAGEID#:360; *Order*, ECF No. 48.

12

>    8.   During the Relevant Time Period, Defendant Jason Rutland, I, and others were eithers [sic] owners, members, or shareholders in a number of entities, including WHIG and RxPro, as well as an entity known as World Health Industries, Inc. ("WHI").
>
>    9.   To the best of my knowledge, all of the servers that would have contained any email communications between Plaintiff and I [sic], if any, during the Relevant Time Period (the "Servers") were under the possession, custody, and/or control of WHI.
>
>    10.  Robert Durham was the Chief Financial Officer of WHI.  In that capacity, Mr. Durham was responsible for, among other things, the accounting obligations of WHIG, RxPro, and WHI.  In that role, Mr. Durham had the responsibility, as well as control/access to financial records related to payments to salespersons, including Plaintiff, who may have performed sales and/or marketing functions on behalf of WHI.
>
>    11.  In or around April 2015, Mr. Rutland, I, and others decided to split our business interests in various entities in which we had an interest.
>
>    12.  As part of the business split, I retained an interest in, among other entities, WHIG and RxPro.
>
>    13.  As part of the business split, Mr. Rutland and others retained an interest in, among other entities, WHI.  Additionally, Mr. Durham remained with Mr. Rutland and his group.
>
>    14.  To the best of my knowledge and belief, Mr. Rutland's group retains possession, custody, and/or control of the Servers, if any such servers still exist.
>
>    15.  Neither I nor anyone else under my control has access to or otherwise controls the Servers.

*Barrett Declaration*, ¶¶ 7-15.

Plaintiff complains that defendants have not provided communications regarding their agreements with plaintiff "or any information regarding their communications with Plaintiff's sales team after he was wrongfully terminated." *Motion to Compel*, pp. 5-6;

13

*Mathews Declaration*, ¶ 6. According to plaintiff, the assertion that defendant Barrett no longer possesses the same cell phone or computer server is insufficient to alleviate the opposing defendants' discovery obligations because a "legal right to obtain the documents upon demand" constitutes sufficient possession. *Plaintiff's Reply*, pp. 2-3.

As it relates to text messages that may remain on the cellular telephone that defendant Barrett used during the relevant time period, plaintiff's arguments are well-taken. Defendant Barrett avers that he no longer possesses that telephone and therefore does not possess any of the text messages that may be contained on that device. *Barrett Declaration*, ¶ 7. It is unclear, however, whether defendant Barrett, or anyone under his control, has access to or control over the cellular telephone or the phone account which might permit the opposing defendants to access the text messages on that phone. Under these circumstances, the opposing defendants will be required to more fully respond to plaintiff's discovery requests in this regard, *i.e.*, either produce responsive documents or, after a good faith investigation, state in a verified discovery response that they do not have access to or control over the device or the account that would permit retrieval of the text messages.

Plaintiff, however, misstates or misunderstands the *Barrett Declaration* as it relates to the computer servers. As detailed *supra*, defendant Barrett specifically avers that neither he nor anyone else under his control has access to or controls the servers that contain

14

his email communications with plaintiff. *Barrett Declaration*, ¶¶ 9, 11-15. The Court cannot compel the opposing defendants to produce information that is not in their possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1).

Accordingly, as it relates to the opposing defendants' responses to Interrogatory No. 3 and Document Requests Nos. 1 and 2, the *Motion to Compel* is **GRANTED in part**. The opposing defendants are **ORDERED** to provide, within fourteen (14) days of the date of this *Opinion and Order*, supplemental responses to these discovery requests consistent with the foregoing.

### C. Discovery Requests regarding Defendants' Business Trips to Ohio and Business Relationships in Ohio (Interrogatory Nos. 5 and 6; Document Request No. 3)

Plaintiff seeks an order compelling defendants to identify all business relationships they have in Ohio and all business trips taken to the State of Ohio (Interrogatory Nos. 5 and 6) and to produce all documents regarding defendants', defendants' companies', or defendants' affiliates' business relationships in Ohio (Document Request No. 3). *See* Discovery Requests, PAGEID#:264-265.

#### 1. Defendant Rutland

After objecting to the requests as vague, ambiguous, overly broad, and unduly burdensome, defendant Rutland answered that he "has no business relationship with Plaintiff. Further, Defendant has no other business relationships in Ohio." Defendant Rutland's Interrogatory Answer No. 5, PAGEID#:264. Defendant Rutland also stated that he "has not taken any business trips to the State of Ohio.

15

Moreover, Defendant has not taken any business trips to Ohio involving Plaintiff and/or his customers." Interrogatory Answer No. 6, PAGEID#265. Defendant Rutland further objected to the scope of the requests for the production of documents reflecting business relationships in Ohio:

> Any agreements Defendant's company may have entered into with other parties are not relevant to the claims being alleged by Plaintiff and this request is not calculated to lead to the discovery of admissible information. Further responding, any such agreements are private and contain proprietary information. Further responding, Defendant has no business relationships in Ohio.

Document Response No. 3, PAGEID#:266.

Plaintiff complains generally that defendants have refused to provide information regarding their business relationships in Ohio, *see Motion to Compel*, pp. 3, 5, and that defendant Rutland has "provided minimal discovery information and records[.]" *Plaintiff's Reply*, p. 5. Plaintiff's arguments are not well-taken.

Defendant Rutland has stated unequivocally and under oath that he has no business relationships in Ohio and has taken no business trips to Ohio regarding plaintiff and/or plaintiff's customers. There is nothing more to compel of defendant Rutland.

Moreover, it is not immediately apparent how documents related to defendant Rutland's companies' or his companies' affiliates' business relationships with Ohio have any relevance to any party's claim or defense in this action. *See* Fed. R. Civ. P. 26(b)(1). As the movant, plaintiff bears the initial burden of establishing that the requested information is relevant. *See*, *e.g.*, *O'Malley v. NaphCare Inc.*, No.

16

3:12-CV-326, 2015 WL 6180234, at *2.  Plaintiff has not met his burden in this regard.  Accordingly, as it relates to defendant Rutland's responses to Interrogatory Nos. 5 and 6 as well as Document Request No. 3, the *Motion to Compel* is **DENIED**.

  **2. Opposing defendants**

In responding to plaintiff's requests that they identify and produce documents related to all business relationships in Ohio, the opposing defendants unequivocally state that they have no business relationships in Ohio.  Opposing Defendants' Supplemental Interrogatory Answer No. 5, PAGEID#:355; Opposing Defendants' Document Response No. 3, PAGEID#:273.  As previously discussed, the Court cannot compel what does not exist.

As to the request to identify any business trips to the State of Ohio, the opposing defendants answered as follows:

> Objection.  This Interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  Subject to the foregoing objections, as well as the General Objections above, Defendants state that Barrett, solely in his representative capacity as an officer of WHI, visited Ohio to meet with Plaintiff and James Kodman, the date of which cannot specifically be stated.  Otherwise, Barrett, in his capacity as a representative of WHIG and/or RxPro, has not made any other trips that he can recall to Ohio.  Answering further, Barrett, personally, has not made any trips to Ohio for any personal business.

Opposing Defendants' Supplemental Interrogatory Answer No. 6, PAGEID#:356.  Plaintiff's generalized assertions that the opposing defendants' discovery responses are inadequate do not explain why this answer is deficient and this Court will not speculate as to the basis for the *Motion to Compel* relating to this interrogatory.  Accordingly,

17

as it relates to the opposing defendants' responses to Interrogatory Nos. 5 and 6 as well as Document Request No. 3, the *Motion to Compel* is **DENIED**.

      **D.**    **Request regarding Trial Exhibits (Document Request No. 4)**

Finally, plaintiff seeks an order compelling defendants to produce all exhibits that they intend to use at trial. Document Request No. 4, PAGEID#:266. Defendant Rutland responded that he has not yet determined what trial exhibits he intends to use. Defendant Rutland's Document Response No. 4, PAGEID#:266. The opposing defendants object to this request because, *inter alia*, the request is premature; they represent that they may supplement their response at a later date. Opposing Defendants' Document Response No. 4, PAGEID#:274. Plaintiff has again failed to explain why these responses are deficient. *See generally Motion to Compel*, *Plaintiff's Reply*. The jury trial in this case is scheduled to begin December 5, 2016. *Scheduling Order*, ECF No. 19, p. 1. All parties have a continuing duty to supplement or correct their discovery responses if they learn that a response is incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1)(A). Under the present circumstances, the Court cannot say that defendants' responses in this regard are inadequate. Accordingly, as it relates to defendants' responses to Document Request No. 4, the *Motion to Compel* is **DENIED**.

      **E.**    **Request for Fees**

Finally, plaintiff seeks fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) associated with the cost of preparing and filing the

*Motion to Compel*.  Rule 37 ordinarily requires the payment of reasonable expenses associated with the grant of a motion to compel, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).  However, where, as here, a motion is granted in part and denied in part, a court "may . . . apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  A court is vested with wide discretion in determining an appropriate sanction under Rule 37.  *See*, *e.g.*, *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642–43 (1976); *Intercept Sec. Corp. v. Code-Alarm, Inc*., 169 F.R.D. 318, 321 (E.D. Mich. 1996).  In the case presently before the Court, plaintiff prevailed to only a limited degree.  Moreover, although the Court ordered the opposing defendants to supplement their responses to Interrogatory No. 3 and Document Requests Nos. 1 and 2, the required supplement essentially compels these defendants to clarify their earlier responses.  Stated differently, the responses were not so deficient as to warrant sanctions.  For these reasons, the Court concludes that an award of sanctions in plaintiff's favor would be inappropriate.

**WHEREUPON**, *Plaintiff's Combined Motion to Compel Discovery from Defendants WHIG Enterprises, LLC, Rx Pro of Mississippi, Inc., Mitchell Chad Barrett, and Jason Rutland*, ECF No. 35, is **GRANTED** in part and **DENIED** in part, consistent with the foregoing.


March 9, 2016                                        *s/Norah McCann King*
                                                     Norah M<sup>c</sup>Cann King
                                                     United States Magistrate Judge