IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN F. KENDLE,

      Plaintiff,

  v.                                      Civil Action 2:15-cv-1295
                                          Judge George C. Smith
                                          Magistrate Judge Jolson

WHIG ENTERPRISES,
LLC, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 81) and Plaintiff's Motion for Court Order Related to Documents Seized by the Federal Bureau of Investigation ("FBI"). (Doc. 99). For the reasons that follow, Plaintiff's Motion for Leave to Amend Complaint (Doc. 81) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion for Court Order (Doc. 99) is **DENIED**.

## I. BACKGROUND

Plaintiff filed his original Complaint on April 15, 2015, alleging breach of contract, unjust enrichment, and tortious interference with contractual and business relationships against WHIG Enterprises, LLC ("WHIG"), and its affiliates and members. (Doc. 1). In addition to WHIG, Plaintiff named as Defendants WHIG's owners and members Chad Barrett and David Jason Rutland, and WHIG affiliate Rx Pro Mississippi, Inc. ("Rx Pro"). (*Id*. at ¶¶ 1–7).

The same month that Plaintiff filed his Complaint, Mr. Barrett and Mr. Rutland divided their business interests. (*See* Doc. 39 at 4; Doc. 39-2 at 2). Mr. Barrett retained interest in, *inter alia*, WHIG and Rx Pro, and Mr. Rutland retained interest in World Health Industries, Inc.

("World Health") and "a number of other entities." (Doc. 39 at 4). Plaintiff claims that he was unaware of the split until November 2015 (Doc. 35 at 9; Doc. 35-1, PAGEID #: 282), after he had filed an Amended Complaint on June 10, 2015. (Doc. 10).

The Court held a preliminary pretrial conference on July 15, 2015, making the amendment deadline October 31, 2015, the discovery deadline June 1, 2016, and the dispositive motion deadline July 1, 2016. (Doc. 18 at 2–3). In January 2016, WHIG, Rx Pro, and Mr. Barrett informed Plaintiff and this Court that, if any information relevant to dealings with Plaintiff existed, Mr. Rutland retained possession, custody, and control. (Doc. 39 at 4, 6; *see also* Doc. 39-2 at 2).

On April 21, 2016, the Court granted a joint motion to extend the scheduling order, making the discovery deadline September 1, 2016, and the dispositive motion deadline October 1, 2016. (Doc. 53). By this point, the deadline for amending the pleadings had long past, and no party asked the Court for additional time for leave to amend.

On July 22, 2016, Mr. Rutland responded to Plaintiff's request for discovery as follows:

> Defendant Rutland does not have custody or control over any records of any such conversations or correspondence. All of Defendant's computer, servers, hard files, cell phones and other items were seized by the Federal Bureau of Investigations earlier this year and the same remain in the FBI's possession.

(Doc. 65-1, PAGEID #: 588). It appears that the FBI seized the documents, computers, and servers in or around January 2016. (*See* Doc. 81-2). Although it is unclear when Plaintiff learned of the seizure, the first mention of it on the docket is July 22, 2016.

Due to the FBI's seizure of documents, Plaintiff sought yet another extension of the case schedule (Doc. 65), which the Court granted on August 19, 2016. (Doc. 66). Again, no party asked for additional time for leave to amend. The Court granted the motion and extended the discovery deadline until December 30, 2016, and the dispositive motion deadline until January

2

31, 2017. (*Id.*). In the same Order, the Court stated that "[n]o further extensions [would] be granted." (*Id.*).

Two days before the discovery deadline, on December 28, 2016, Plaintiff filed a Motion for leave to amend the Complaint a second time to (1) add World Health as a defendant; (2) bring a newly-discovered claim for spoliation; and (3) add piercing the corporate veil as an additional basis for liability against Mr. Barrett and Mr. Rutland. (Doc. 81 at 1). WHIG, Mr. Barrett, and Rx Pro opposed the Motion (Doc. 88), and Plaintiff replied. (Doc. 95). In a January 3, 2017 status conference, the Court vacated the discovery and dispositive motions deadlines as a result of the Motion and based upon representations that the information sought remained in the FBI's possession. (Doc. 85).

After working to retrieve the documents from the FBI, Plaintiff filed a Motion for Court Order Related to Documents Seized by the FBI on February 27, 2017. (Doc. 99). Since that time, the Undersigned has undertaken repeated efforts over the last ten months to facilitate production of the documents, including considering motions for extensions and conducting numerous status conferences. (*See, e.g.*, Doc. 66, 69–73, 75–76, 82–85, 99, 109–11). In the most recent update on June 2, 2017, the parties informed the Court that an Assistant United States Attorney confirmed that the computer server at issue had been delivered to Mr. Rutland's counsel, who represented he would be delivering the server to his client as soon as possible.

## II. DISCUSSION

### A. Motion For Leave to Amend (Doc. 81)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." However, "[o]nce a scheduling order's deadline passes, a plaintiff first must show

good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "Rule 16, in other words, prescribes the time by which any motion for leave to amend must be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions." *Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *1 (S.D. Ohio Jan. 22, 2007).

Here, the preliminary pretrial order set an October 31, 2015 deadline for seeking leave to amend the pleadings. (Doc. 18 at 2). Because that date has long passed, Plaintiff must show good cause under Rule 16(b) for failing to seek leave sooner, and this Court evaluates any potential prejudice if amendment is allowed. *Leary*, 349 F.3d at 909 (stating that a "determination of the potential prejudice to the nonmovant" is required).

### 1. World Health and Piercing the Corporate Veil

Plaintiff seeks to add a new defendant and a new basis for liability almost two years after filing this case and just two days before the discovery deadline—a date which this Court indicated it would not extend. For the reasons that follow, Plaintiff fails to show good cause for the delay and denies the portion of the Motion seeking to add World Health and veil-piercing claims.

From this case's inception, Plaintiff has been aware that World Health may have been a party at interest. In fact, Plaintiff noted that Mr. Rutland was an "owner, officer and/or member of World Health" in his Amended Complaint filed in June 2015. (Doc. 10 at 3). Moreover, in January 2016, WHIG, Rx Pro, and Mr. Barrett indicated the following in response to Plaintiff's Motion to Compel:

> Regarding e-mail communications, while Defendants do not believe any such communications exist, they do not have access to the servers that might have

4

> contained any communications related to Plaintiff's business relationship . . . All of the servers (which would have contained e-mails) were controlled by WHI [World Health]."

(Doc. 39 at 3–4). At base, Plaintiff fails to show that he was "unaware of critical facts that prohibited him from amending his Complaint within the time frame set out in the Court's original scheduling order." *See Cooke*, 2007 WL 188568, at *2; *see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (affirming the district court's denial of leave to amend in part because "the plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint.").

Similarly, Plaintiff's veil-piercing claims do not arise from newly discovered evidence or conduct. Plaintiff speculates Mr. Barrett and Mr. Rutland "likely transferred their assets and liability to other compounded medication sales entities they owned and operated to avoid paying the substantial damages" in this case. (Doc. 81 at 8). Speculation aside, Plaintiff knew that Mr. Barrett and Mr. Rutland divided their business interests in April 2015, yet offers no explanation for his failure to add this claim until December 2016. *Ceres Protein, LLC v. Thompson Mech. & Design*, No. 3:14-CV-00491, 2017 WL 1025244, at *3 (W.D. Ky. Mar. 15, 2017) (denying leave to amend complaint because nothing prevented Plaintiff from alleging a piercing the corporate veil claim, *inter alia*, sooner).

Finally, WHIG, Mr. Barrett, and Rx Pro argue that amending the Complaint at this stage to add a new claim and a new defendant essentially would require the case to start anew. (Doc. 88). The Court agrees and finds that Defendants would be prejudiced if forced to backtrack on discovery. When Plaintiff filed his Motion, this case had been pending for twenty months, and the parties already had incurred significant defense costs. Costs would increase greatly if amendment were permitted at this late juncture.

Because Plaintiff fails to offer "good cause" for the delay and Defendants would suffer prejudice if amendment were allowed at this late stage, Plaintiff's Motion is **DENIED** to the extent that it seeks to add World Health and piercing the corporate veil. *See Duggins*, 195 F.3d at 834 (noting the "significant prejudice" the defendants would face if forced to reopen discovery).

   2.   *Spoliation*

The proposed spoliation claim warrants separate consideration. On October 25, 2016, Mr. Rutland testified that the FBI returned some computers and hard drives three to six months after the January 2016 raid of World Health. (Doc. 81-3, PAGEID #: 748). Plaintiff alleges Mr. Rutland admitted during his deposition that these computers and hard drives were "wiped" clean. (Doc. 81 at 6). The relevant testimony is as follows:

> Q: All right. So when the computers were returned in say, April of 2016, what happened to them?
>
> A: We—I think we gave most of them away because our business has been affected, you know, to where we—we didn't need them. I mean, we didn't have anything, so we gave them to churches and schools and whatever.
>
> Q: Did you—were they wiped clean before you did that?
>
> A: Yeah.

(Doc. 81-3, PAGEID #: 744). Mr. Rutland's counsel maintains that this was no admission because it was the FBI, not him, who wiped the hard drives clean. (Doc. 81-5, PAGEID #: 790). As for the returned computers, Mr. Rutland's counsel explains that the business—which was "essentially ruined post-raid"—had no use for them, so they were wiped clean of any remaining data to avoid HIPAA violations. (Doc. 81-5, PAGEID #: 790). Thereafter, Mr. Rutland sold some computers and gave others away. (*Id.*).

Despite arguing against the merits of the spoliation claim in email correspondence with Plaintiff, Mr. Rutland filed no opposition to the proposed amendment. WHIG, Mr. Barrett, and Rx Pro oppose amendment to add this claim solely on the ground that Plaintiff discovered the alleged spoliation "more than two months" prior to filing the Motion. (Doc. 88 at 2). Although seeking amendment two months after discovering the alleged spoliation is less than optimal, it is not dilatory under the circumstances. *Cooke*, 2007 WL 188568, at *2 ("An amendment coming late in discovery should not be denied as a penalty to the moving party when the factual basis for the amendment was not disclosed until late in discovery."). Here, it was Mr. Rutland who waited months to disclose the return of computers and hard drives, so at least some of the delay may be attributed to him. Given this posture, Defendants are hard pressed to argue prejudice arising from the delay. *See E.E.O.C. v. Taco Bell Corp.*, 575 F. Supp. 2d 884, 890 (W.D. Tenn. 2008) (finding good cause for amendment where prejudice arose from "primarily from [defendant's] own delay and actions"). Consequently, to the extent Plaintiff seeks to add a claim of spoliation, his Motion is **GRANTED**.

### B. Motion For Court Order (Doc. 99)

On February 27, 2017, Plaintiff filed a Motion for Court Order Related to Documents Seized by the FBI. (Doc. 99). Specifically, Plaintiff seeks an order permitting him to subpoena relevant documents from the FBI if they are not subject to any investigative privilege. (*Id.* at 1). As the parties are aware, the FBI has returned a server containing the relevant "images" to Mr. Rutland's counsel. Although there has been some difficulty accessing the images in the past, at this juncture the best course is for the parties continue to work with the United States Attorney's Office to do so. The Court, in its discretion, finds the requested order unnecessary at this time. Thus, Plaintiff's Motion for Court Order is **DENIED.**

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend Complaint (Doc. 81) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **DIRECTED** to file a Second Amended Complaint consistent with this Order within seven (7) days. Further, Plaintiff's Motion for Court Order (Doc. 99) is **DENIED**. The case schedule moving forward is as follows:

- All discovery shall be completed by August 14, 2017; and
- The dispositive motion deadline is September 15, 2017.

**No further extensions of these deadlines will be permitted**. To the extent that any discovery dispute arises between the parties, they are directed to contact the Court to schedule a status conference prior to filing any motion on the docket.

IT IS SO ORDERED.


Date: June 7, 2017　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE