IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN F. KENDLE,

    Plaintiff,

  v.                                       Civil Action 2:15-cv-1295
                                            Judge George C. Smith
                                            Magistrate Judge Jolson

WHIG ENTERPRISES, LLC,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendant David Jason Rutland. (Doc. 128). For the foregoing reasons, the Motion is **DENIED without prejudice**.

### I.    BACKGROUND

In prior orders, this Court has explained the allegations and procedural history of this case. (*See, e.g.*, Docs. 50, 112). Relevant here are Plaintiff's attempts to access information on a computer server previously seized by the Federal Bureau of Investigation ("FBI"). For the better part of a year, the Court managed this issue, working with the parties to retrieve the information. Now, the FBI has returned the computer server with the purportedly relevant information. To whom or what entity it has been returned appears to be disputed.

On July 7, 2017, Plaintiff moved to compel discovery from Defendant Rutland. (Doc. 128). The Court reads the Motion as compelling the production of information from the server. The Court expedited briefing on Plaintiff's Motion. (Doc. 129). In response, Defendant Rutland represents that the server is not in his custody, possession, or control; and that Plaintiff already received information off of the server from the entity to which the FBI returned the server,

World Health Industries ("World Health"). (Doc. 131 at 2). The Court did not permit a reply brief, and the issue is ripe for consideration.

## II. DISCUSSION

For months, this Court worked with the parties so that Plaintiff could obtain the information from the server. The Court's understanding had been that Plaintiff simply wanted the information from the server. To that end, the Court extended deadlines and gave Plaintiff leeway to obtain the information. Defendant Rutland represents to this Court that Plaintiff now has the information from the server:

> Since the return of the servers, Plaintiff's counsel has not been denied any access to any information. He served [subpoenas] upon World Health and deposed the two IT individuals affiliated with World Health concerning the servers. Moreover, World Health has already provided the requested information from the servers to Plaintiff's counsel which renders his motion to compel moot at this point.

(Doc. 131 at 2).

Considering that Plaintiff has the information, the Court finds Plaintiff's Motion somewhat perplexing. At all times, the Court interpreted Plaintiff's endgame as accessing the information on the server, regardless of the channel through which the information was obtained. Indeed, Plaintiff previously sought the information directly from the FBI. (Doc. 99 (asking this Court to order the FBI to provide documents to Plaintiff)). But now it seems Plaintiff wants information from the server only if it comes from Defendant Rutland.

Moreover, Defendant Rutland represents that he now does not have the legal ability to produce the information off of the server. Specifically, Defendant Rutland represents that the FBI returned the server not to him but to the server's owner, World Health. (Doc. 131 at 1–2). Defendant Rutland also represents that World Health no longer employs him. (*Id.*). Although Plaintiff attacks Defendant Rutland's veracity (Doc. 128 at 3–4) and the Court agrees that some

of the representations are "curious" because of Defendant Rutland's counsel's previous representations, the representations are easily verifiable. And the Court agrees with Defendant Rutland that if the server is World Health's property and Defendant Rutland was not affiliated with World Health when the server was returned, Defendant Rutland was not in "custody, possession or control" of the server at the relevant time. *See* Fed. R. Civ. Proc. 34(a) (stating that a party may serve a request to produce documents or items "in the responding party's possession custody or control"); *Boyd Group (U.S.), Inc. v. D'Orazio*, No. 1:14-cv-7751, 2015 U.S. Dist. LEXIS 121117, *12–14 (N.D. Ill. Sept. 11, 2015) (holding that former corporate officer did not have "control" over documents in corporation's possession).

For these reasons, Plaintiff's Motion is **DENIED without prejudice**. To the extent factual disputes relevant to this issue remain, the parties are **DIRECTED to meet and confer**. If Plaintiff has credible information to challenge Defendant Rutland's representations, the Court will consider it. However, the parties must schedule a status conference with the Court **prior to** filing any discovery motion regarding this or any other issue. Finally, the Court reminds the parties that discovery closes on August 14, 2017, and urges the parties to use the time wisely.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 128) is **DENIED without prejudice**.

IT IS SO ORDERED.

Date: July 19, 2017	/s/ Kimberly A. Jolson
	KIMBERLY A. JOLSON
	UNITED STATES MAGISTRATE JUDGE