IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN F. KENDLE,

    **Plaintiff,**

  v.                                      Civil Action 2:15-cv-1295
                                               Chief Judge Algenon L. Marbley
                                               Magistrate Judge Kimberly A. Jolson

WHIG ENTERPRISES,
LLC, et al.,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on the October 18, 2021 Order to Show Cause. (Doc. 221). For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute under Rule 41.

**I.    BACKGROUND**

Broadly, Plaintiff's allegations stem from a soured business relationship with Defendants. (*See* Doc. 114). Plaintiff marketed medical and pharmaceutical products for Defendants: WHIG Enterprises, LLC ("WHIG"), its affiliate Rx Pro Mississippi ("Rx Pro"), and the owners of those companies, Mitchell Chad Barrett ("Barrett") and David Jason Rutland ("Rutland"). (*Id.*, ¶ 1–7). Following his alleged wrongful termination, Plaintiff brought claims for breach of contract, unjust enrichment, tortious interference, and spoilation against the various Defendants. (*Id.*, ¶¶ 47–75).

The Court dismissed Plaintiff's claims against Rx Pro and Barrett on motions for summary judgment but preserved all claims against WHIG and the claims for tortious interference, unjust enrichment, and spoilation against Rutland. (Doc. 167 at 11). Soon after, WHIG informed the Court and all parties that it had entered involuntary bankruptcy proceedings (Doc. 177), which

required an automatic stay of the case (Doc. 182). Once a significant amount of time elapsed following the stay—and the parties had not updated the Court on the status of proceedings—the Court requested a status report from the parties. (Doc. 186). In a series of status reports which followed, Plaintiff informed that Court that he considered the pending claims against WHIG resolved through bankruptcy. (Doc. 211). He also learned that Rutland, the only remaining Defendant, pled guilty to federal criminal charges and was facing a sentence of incarceration. (Doc. 216). He thus represented that he would "likely . . . no longer pursue this matter . . . ." (*Id.*).

After additional time was afforded to Plaintiff to consider whether to proceed with the litigation (Docs. 217, 218), Plaintiff's counsel, through mutual agreement with Plaintiff, moved to withdraw his representation (Doc. 219). The motion was granted, and Plaintiff was given time to secure new representation, or, proceeding *pro se*, submit a joint status report setting forth a proposed case schedule. (Doc. 220). When he failed to do so, the Court issued an Order to Show Cause, in which it warned Plaintiff that failure to comply could result in a recommendation that the case be terminated for failure to prosecute. (Doc. 221). To date, Plaintiff has not responded to the Order to Show Cause.

II.     **STANDARD**

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court

as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III. DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded numerous opportunities after the conclusion of the related bankruptcy proceedings to continue in the present litigation against Rutland (Docs. 212, 215, 217, 220), Plaintiff has failed to do so. Nor has Plaintiff responded to the Court's Order to Show Cause. (*See* Doc. 221). Clearly, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, Rutland has suffered prejudice due to Plaintiff's delay. Significant here, Rutland appears to have been sentenced and incarcerated for federal crimes during Plaintiff's delay, which limits his ability to defend himself in the present litigation. Further, Plaintiff was explicitly warned that his failure to comply with the Order to Show Cause could lead to a recommendation that the case be dismissed. (Doc. 221). Finally, the Undersigned considered less drastic sanctions than

3

dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

### IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute pursuant to Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: September 14, 2022                        /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE